No. 04-450

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 54N

JUANITA K. PERIMAN,

        Plaintiff and Respondent,

    v.

U.S. BANCORP PIPER JAFFRAY, INC.,
and THOMAS J. O'NEILL, and
JOHN DOES I through X,

        Defendants and Appellants.

APPEAL FROM:    The District Court of the Second Judicial District,
               In and For the County of Silver Bow, Cause No. DV 2002-63,
               Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

               Stanley Kaleczyc and Brand Boyar, Browning, Kaleczyc, Berry
               & Hoven, Helena, Montana

               John S. Lutz, Fairfield & Woods, Denver, Colorado (U.S. Bancorp)

        For Respondent:

               Geralyn Driscoll, Driscoll & Allen, Butte, Montana

               William P. Joyce, Joyce & Johnson, Butte, Montana

               Robert J. Phillips, Phillips & Bohyer, Missoula, Montana

                              Submitted on Briefs:  December 8, 2004
                                    Decided:   March 8, 2005

Filed:

                                Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2     This case is one of 23 different actions against U.S. Bancorp Piper Jaffray, Inc. (Piper), involving the alleged mismanagement of accounts in the corporation's Butte office. This particular action involves two forms Juanita Periman signed in the summer of 1998 when transferring her deceased husband's accounts with Piper into her name. Defendant O'Neill guided her through this process. Each form contained an arbitration clause. The forms also contained a clause granting Piper broad discretion to "purchase, sell, assign, receive and deliver" Periman's holdings whenever it "deems it necessary for its protection." The uncontroverted evidence demonstrates that O'Neill told Periman she did not have to be concerned with the particulars of the agreements she was signing and did not advise her of the impact of the arbitration clause.

¶3     These facts and the issues arising from them are materially identical to those in *Willems v. U.S. Bancorp Piper Jaffray, Inc.*, 2005 MT 37, 326 Mont. 103, ___ P.3d ___. That case held that the clause granting Piper broad discretion over an investor's holdings (the exact same clause at issue here) created a fiduciary duty. It also held that in light of that fiduciary duty, Piper was obligated to advise the investor of the arbitration clause and that

2

because it did not the arbitration clause was unenforceable.  Therefore, in light of *Willems*, we affirm the District Court's conclusion that Piper owed a fiduciary duty to explain the arbitration provision to Periman, that it breached that duty, and therefore that the pre-dispute arbitration provisions are unenforceable.

¶4      Affirmed.


                                        /S/ W. WILLIAM LEAPHART


We Concur:

/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ JOHN WARNER
/S/ JIM RICE